**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4750**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OTIS STEFFON JOHNSON,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:13-cr-00008-MOC-1)

---

Submitted: June 30, 2015        Decided: July 29, 2015

---

Before KEENAN and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Roderick M. Wright, Jr., WRIGHT LAW FIRM OF CHARLOTTE, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Otis Steffon Johnson pled guilty to possession of a firearm by a convicted felon and was sentenced to 77 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in applying a four-level sentencing enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2013). Although notified of his right to do so, Johnson has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

In assessing a challenge to the application of the Guidelines, "we review [the district court's] legal conclusions de novo and its factual findings for clear error." United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014) (defining clear error). The Guidelines provide for a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." USSG § 2K2.1(b)(6)(B). The enhancement applies where "the firearm . . . facilitated, or had the potential of facilitating, another felony offense," USSG § 2K2.1 cmt. n.14(A), and "regardless of whether a criminal charge was brought, or a conviction obtained" for the other offense, id. cmt. n.14(C). The Guidelines further provide that a firearm is presumed to have the "potential of facilitating

2

another felony offense" when the "firearm is found in close proximity to drugs, drug-manufacturing materials, or drug-paraphernalia." Id. cmt. n.14(B).

Here, the district court found that Johnson possessed or had control over approximately 94 grams of marijuana and the bedroom in which the marijuana and firearm were found. The record contains sufficient evidence, including the testimony of two detectives involved in the search, to support the district court's findings. Thus, the court's factual findings were not clearly erroneous. Further, after conducting a de novo review, we conclude that the district court did not err in applying USSG § 2K2.1(b)(6)(B), particularly where the facts adduced at sentencing established close proximity between the firearm and the marijuana.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Johnson's conviction and sentence. This Court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>